IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ANGELA L. HILL**                                                                                             **PLAINTIFF**

**V.**                              **No. 4:23-CV-00483-JM-ERE**

**KILOLO KIJAKAZI, Acting
Commissioner of Social Security**                                               **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommendation Disposition ("RD") has been sent to United States District Judge James M. Moody, Jr. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Moody can adopt this RD without independently reviewing the record.

**I.     Background**

On February 1, 2021, Ms. Angela Hill protectively filed an application for benefits due to back problems, anxiety, depression, migraines, and heart problems. *Tr. 14, 221*.

At Ms. Hill's request, an ALJ held a hearing on June 23, 2022, where she appeared with her lawyer, and the ALJ heard testimony from Ms. Hill and a VE. *Tr. 34-66.* The ALJ's July 28, 2023, decision found that Ms. Hill was not disabled.

1

*Tr. 11-28.* The Appeals Council denied Ms. Hill's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-3.*

Ms. Hill, who was fifty-four years old at the time of the hearing, has her GED and past relevant work experience as a bartender. *Tr. 39, 62.*

## II.     The ALJ's Decision[1]

The ALJ found that Ms. Hill had not engaged in substantial gainful activity since December 12, 2019, the amended alleged onset date. *Tr. 16.* The ALJ concluded that Ms. Hill had the following severe impairments: chronic pain syndrome, lumbar radiculopathy, lumbosacral spondylosis, and migraine headaches. *Id.* However, the ALJ found that Ms. Hill did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 18*

According to the ALJ, Ms. Hill had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) only occasional stooping, crouching, climbing, or balancing; and (2) no concentrated exposure to excessive vibrations, very loud noises (jack hammers, rock concerts, and chain saws), or bright lights. *Tr. 19.*

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

In response to hypothetical questions incorporating the above limitations, the VE testified that a significant number of potential jobs were available in the national economy that Ms. Hill could perform, including sales attendant, lunchroom counter attendant, and escort. *Tr. 23, 63-64*. Accordingly, the ALJ determined that Ms. Hill was not disabled.

### III. Discussion

#### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

**B.     Ms. Hill's Arguments for Reversal**

Ms. Hill contends that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in: (1) failing to include her mental limitations in the RFC; and (2) finding that she could perform the standing and walking required for light work. *Doc. 11 at 1*. After carefully reviewing and considering the record as a whole, the undersigned recommends affirming the Commissioner's decision.

**C.     Analysis**

    **1.     The ALJ's Absence of Mental Limitations in the RFC is Supported by the Record.**

Ms. Hill argues the ALJ erred in finding her mental health impairments non-severe. *Doc. 11 at 11*. However, the medical record as a whole supports the ALJ's conclusion that Ms. Hill's mental impairments were non-severe. "Subjective complaints alone, without credible supporting medical evidence, are not sufficient to establish a severe impairment." *Martin v. Saul*, No. 4:18CV00865 KGB-JTR, 2020 WL 96990, at *4 (E.D. Ark. Jan. 8, 2020).[2]

The ALJ found that Ms. Hill's mental impairments caused only minimal limitation. *Tr. 17*. Ms. Hill is prescribed Citalopram by her primary care provider, and, on June 11, 2021, she reported that her anxiety was "doing good." *Tr. 575*.

---

[2] Report and recommendation adopted, No. 418CV00865KGBJTR, 2020 WL 1042253 (E.D. Ark. Mar. 3, 2020).

The doctor also noted that Ms. Hill was "[s]table on Citalopram." *Id.* "An impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002). Additionally, Ms. Hill's treating doctor repeatedly found no signs of depression or anxiety. *Tr. 575, 580, 585, 590, 594.* Ms. Hill also denied depression and anxiety. *Tr. 562, 566.* The ALJ also noted that Ms. Hill does not see a counselor or psychiatrist. *Tr. 17.*

The ALJ recognized that Ms. Hill said being around people makes her nervous but noted that Ms. Hill admitted she had friends. *Tr. 18.* The ALJ also recognized that Ms. Hill had no problems handling changes in routine, could follow instructions, could pay attention, was able to manage finances, and could go shopping. *Tr. 18.* The ALJ properly relied on the fact that there was an absence of limitations from any treating doctor related to mental impairments and a lack of specialized treatment. Finally, the ALJ noted that "[b]oth of the state agency psychologists opined that the claimant's depression and anxiety were nonsevere" and these findings were consistent with the record as a whole. *Tr. 21-22.*

Based on the record, the ALJ did not err by finding Ms. Hill's mental impairments mild and not accounting for them in the RFC.

    **2.    Substantial Evidence Supports the ALJ's RFC.**

Ms. Hill argues that the ALJ erred by finding that she could perform the standing and walking requirements for light work.

"A claimant's RFC is 'the most' that the claimant can do in a work setting despite her limitations." *Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022) (quoting 20 C.F.R. § 404.1545(a)(1)). A claimant "bears the burden of proof to establish her RFC." *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019). "An ALJ determines a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017) (quotations omitted). Ultimately, the RFC finding "is a decision reserved to the agency such that it is neither delegated to medical professionals nor determined exclusively based on the contents of medical records." *Norper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020).

Ms. Hill's arguments simply are her disagreement with the ALJ's interpretation of the evidence of record. However, the issue before the Court is not whether substantial evidence supports Ms. Hill's claim, but whether substantial evidence supports the ALJ's decision. "So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision or even if [the Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022). The ALJ conducted a thorough review of the medical evidence and pointed out inconsistencies between Ms. Hill's complaints and the record. The ALJ properly

relied on the following: (1) Ms. Hill's activities of daily living, such as caring for her young grandchild (*Tr. 21, 374, 556*); (2) her repeated reports of only mild pain, typically 2 or 3 out of 10 (*Tr. 21, 437, 536, 538, 541, 546, 551, 556, 561, 565*); (3) the state agency experts' opinions (*Tr. 21-22, 68-73, 75-81*); and (4) the absence of any limitations by treating physicians.³ *Tr. 21*. Additionally, Ms. Hill's doctors recommended that she increase her exercise. *Tr. 539, 544, 549, 563*. "A lack of functional restrictions on the claimant's activities is inconsistent with a disability claim where, as here, the claimant's treating physicians are recommending increased physical exercise." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

The record contains substantial evidence to support the ALJ's finding that Ms. Hill could perform a reduced range of light work.

## IV. Conclusion

The ALJ applied proper legal standards in evaluating Ms. Hill's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the Commissioner's decision and enter judgment in favor of Defendant.

Dated 2 November 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

³ *Brown v. Chater*, 87 F.3d 963, 965 (8th Cir. 1996) (holding that a "lack of significant medical restrictions [is] inconsistent with . . . complaints of disabling pain").